05 447

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Rhode Island | |
|---|---|---|
| Name of Movant Arthur D'Amario, III | Prisoner No. 02989-070 | Case No. CA 05-447S |
| Place of Confinement U.S. Medical Center, PO Box 4000, Springfield, MO 65801-4000 | | |

UNITED STATES OF AMERICA v. Arthur D'Amario (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   U.S. District Court
   2 Exchange Terrace
   Providence, RI 02903
2. Date of judgment of conviction
   Nov. 9, 2004
3. Length of sentence
   Six months in a BOP halfway house in Boston.
4. Nature of offense involved (all counts)
   18 U.S.C. § 922(g)(1) (No. CR 99-024S)

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court First Circuit

(b) Result Judgment affirmed

(c) Date of result Feb. 12, 2001

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐ No ☒ Not with respect to the Nov. 9, 2004, order under attack.

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

The issue concerning the legality of the Nov. 9, 2004 order has not been the subject of a prior § 2255 motion. My "motion to vacate judgment" in No. CR 99-024S filed April 2005 was dismissed without prejudice by the Court of Appeals per my request. Direct appeal of the order was denied by the First Circuit on June 23, 2005 (412 F.3d 253). The Supreme Court denied a writ of certiorari on Oct. 3, 2005 (No. 5-5329; 78 Cr.L.Rptr. 42). The judgment became final on Oct. 3, 2005.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Judge Smith was conflicted, dishonest and biased, and breached a mandatory statutory duty to disqualify himself. The case should have been assigned to a judge from the district of Maine.

Supporting FACTS (state *briefly* without citing cases or law): From 2003-04, Judge Smith received negative misinformation about me from extra-judicial sources including CUSPO Weiner, U.S. Marshals and other RI judges. Prior to taking the bench in '02, Judge Smith had heard rumors about me and formed an opinion that I should be institutionalized. In 1998-99, Judge Smith worked at Edwards & Angell with Todd M. Reed, who was then defending Lt. Bussiere and Sgt. Collins of Attleboro Police Dept. from my federal civil suit, D'AMARIO v. DuFORT, No. 98-cv-11331-MEL (D.Mass.), and while those same two cops were framing me with the anonymous greeting cards described in their phony 2/8/99 search warrant application at issue in No. CR 99-024S. Judge Smith was required to recuse by 28 U.S.C. §§ 455(a) and 455(b)(1), (2). The remedy is vacatur of his orders.

B. Ground two: The Government interferred with and violated my right to counsel at the Nov. 9, 2004, hearing, and the court denied procedural due process which nullied my right to counsel under F.R.Crim.P. 32.1(c).

Supporting FACTS (state *briefly* without citing cases or law): I was not notified of the appointment of Charles Tamuleviz until Nov. 6, 2004 (Saturday). I spent Monday (Nov. 8) being transported from Otisville to Wyatt. On the morning of the hearing (Nov. 9), Mr. Tamuleviz tried to meet with me, but Marshals strategically waited 'til that moment to fingerprint and photograph me, preventing a pre-hearing consultation. Although Judge Smith allowed a mid-hearing conference, the issue was already decided against me. Moreover, I couldn't provide my lawyer with a key ruling by Judge Smith on or about January '04 because I'd been separated from my files, which remained at OTV. In that prior ruling, Judge Smith decreed that my Nov. 2003 s.r. revocation notice of appeal had "divested" him of jurisdiction to act on the case - a decision of law on which I relied in disobeying the 11/9/04 order. That original order is missing.

C. Ground three: The Nov. 9, 2004, order is an illegal resentencing unauthorized by Rule 36 and beyond the limitations of Rule 35(a), effectively extending my sentence by an additional six months in custody in violation of the Double Jeopardy Clause.

Supporting FACTS (state *briefly* without citing cases or law): My s.r. resentencing occurred Sept. 30, 2003, and no provision requiring 6 months of ccc was included. I was not on s.r. on Nov. 9, 2004, Rule 36 was inapplicable, and the time for correcting my sentence under Rule 35(a) was long expired. Other Circuits have ruled in virtually identical situations that extending the sentence or term of probation or increasing conditions violates the Double Jeopary Clause of the Fifth Amendment. My s.r. was not even commencing until Nov. 12, 2004 (18 U.S.C. §§ 3624(e); 3583(a)), and the "modification" of Nov. 9 was a charade by a biased judge who hates me. The Court of Appeals panel (4-2566) was likewise biased and had previously banned me from the Moakley courthouse after secretly discussing me with US Marshals.

D. Ground four: The district court unlawfully used as evidence against me on Nov. 9, 2004, a letter allegedly written by me to my unit team at Otisville in October 2004, without authentication, without cross-examination of OTV staff, and without a trial in New York.

Supporting FACTS (state *briefly* without citing cases or law): I was not serving s.r. while at OTV and can say anything I want to prison staff without violating s.r. conditions. The unit team at OTV (Alison Henry, Ken Walicki & Lt. Medina) were influenced by CUSPO Weiner and Judge Smith in Sept. '04 to harass and provoke me. My intention was to be indicted on a new offense in a New York court so I could escape my tormentors when transferred to Manhattan for arraignment. OTV was subjecting me to bizarre, cruel and unusual conditions and inflicting unbearable physical pain to torture me for signing a RI release plan. Judge Smith had no jurisdiction over a NY offense. He did not allow me to confront OTV staff on Nov. 9 or to even have any kind of a hearing on the merit or intention of the letter. Moreover, the letter was self-defense and not criminal. Mr. Tamuleviz was deliberately appointed at the last second by the judge so we could be ambushed on Nov. 9. OTV suppressed other relevant evidence.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Whatever grounds could have been raised by my appointed attorney on Nov. 9, 2004, but were not, are the fault of a biased judge who set up an ambush along with USMS, OTV staff and CUSPO Weiner. Counsel and I were not allowed to confer and prepare for court, not even by phone or mail. The pleading signed by Magistrate Lovegreen and Judge Smith in Dec. '03 - Jan. '04 appears to have been removed from the case file.

Appellate counsel chose not to raise the issues in Ground Three, even though I advised her to. I was not attorney of record in the appeal (4-2566).

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐ No ☒ Certiorari was denied Oct. 3, 2005 (5-5329).

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing n/a

(b) At arraignment and plea George West

(c) At trial AUSA Ed Roy

(d) At sentencing AUSA Ed Roy
On 11/9/04: Charles Tamuleviz
170 Westminster St.
Prov., RI 02903

AO 243 (Rev. 2/95)

(e) On appeal (No. 4-2566): AFPD Judith Mizner
Federal Defender's Office
408 Atlantic Ave.
Boston, MA 02110

(f) In any post-conviction proceeding n/a

(g) On appeal from any adverse ruling in a post-conviction proceeding n/a

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

______________________________
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Oct. 20, 2005
Date

Arthur D'Amario III
Signature of Movant

Arthur D'Amario, III 02989-070