UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 05 447

ARTHUR D'AMARIO, III

v. C.A. No. 05-

UNITED STATES

MOTION FOR IMMEDIATE RELEASE

Now comes Petitioner to move that the court exercise its discretion to release him immediately pending decision, based on a likelihood of success on the merits of his § 2255 motion attacking the Nov. 9, 2004, order entered by Judge Smith. For support, Petitioner relies on his accompanying memorandum of law.

PETITIONER, PRO SE,

10-20-05

Arthur D'Amario 02989-070
USMCFFP
POB 4000
Springfield, MO 65801

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

05 447

ARTHUR D'AMARIO, III

v.                                                C.A. No. 05-

UNITED STATES

MOTION FOR IMMEDIATE RELEASE

Now comes Petitioner to move that the court exercise its discretion to release him immediately pending decision, based on a likelihood of success on the merits of his § 2255 motion attacking the Nov. 9, 2004, order entered by Judge Smith. For support, Petitioner relies on his accompanying memorandum of law.

PETITIONER, PRO SE,

10-20-05

Arthur D'Amario 02989-070
USMCFFP
POB 4000
Springfield, MO 65801

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO, III

v. C.A. No. 05-

UNITED STATES

MEMORANDUM

On Nov. 9, 2004, as Petitioner neared expiration of his s.r. revocation term, Judge Smith (CR 99-024S) "modified" [i.e. revoked] his reimposed s.r. before it even began. Supervised release commences "after" imprisonment is terminated. § 3624(e); § 3583(a). The court ordered Petitioner to serve his reimposed s.r. in a BOP halfway house [i.e., prison]. The only reason he is currently in jail is due to his refusal to report to the halfway house. As Judge Young acknowledged at the second s.r. revocation hearing of June 8, 2005, a finding that the Nov. 9, 2004, order was invalid frees Petitioner.

The Nov. 9 order was appealed and the Circuit affirmed (412 F.3d 253). The Court denied certiorari on Oct. 3, 2005 (78 Crim.L.Rptr. 42). Petitioner may now file a § 2255 motion collaterally attacking the Nov. 9 order. The separate Nov. 9 order gives rise to a separate § 2255 motion for which leave under § 2244(b)(3) is not required. Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) ("[A] second habeas petition attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition within the meaning of § 2244."); Hawkins v. U.S., 415 F.3d 738 (7th Cir. 2005) (vacated conviction was reinstated on initial § 2255 motion so it was not a subject of the motion; second § 2255 motion attacking reinstated conviction was not successive and leave to file was not required).

The properly filed § 2255 petition asserts that Judge Smith breached a mandatory duty to recuse himself. 28 U.S.C. § 455(b)(2). The traditional remedy for a breach of § 455 is vacatur of the conflicted judge's orders.

On April 7, Judge Smith recused after Petitioner provided documentation to the Judicial Council proving that Edwards & Angell attorney Todd M. Reed represented Attleboro Police in 1998-99 in Petitioner's civil suit. Those same two officers, Bussiere and Collins, framed Petitioner in retaliation with his federal criminal case, No. CR 99-024S - the case presided over by Judge Smith. Sgt. Collins has testified in the case against Petitioner.

Without an inquiry to whether the judge was biased, the mere fact that he was working with Todd Reed while Reed's clients were mailing anonymous, crank love letters to Petitioner's ex-girlfriend required recusal under the plain terms of § 455(b)(2).

Petitioner has a right to counsel at a s.r. "modification" hearing under F.R.Crim.P. 32.1(c). That right was violated when various actions of government officials, including USMS, forcibly prevented Petitioner from having any contact with Mr. Tamuleviz prior to the Nov. 9 hearing. He is pleading a violation of his right to counsel and procedural prejudice.

He is raising a Double Jeopardy claim in Ground Three. If the court wants to contend his appointed counsel should have argued it on direct review, then an ineffective assistance ground properly falls within the scope of § 2255. U.S. v. Martins, 413 F.3d 139, 155 (1st Cir. 2005).

His case is identical to U.S. v. Fogel, 829 F.2d 77, 88 (D.C. Cir. 1987), where a judge made a technical error in the original sentence and resentenced defendant. In correcting the error he also increased the term of probation after defendant had begun serving his original sentence. The increase in punishment violated the Double Jeopardy Clause.

Increasing a sentence 3 years after sentencing, when the inmate was one month from being paroled, abused Rule 36. U.S. v. Whittington, 918 F.2d 149, 152 (11th Cir. 1990); compare U.S. v. Kaye, 739 F.2d 488, 491 (9th Cir. 1984) ("A criminal defendant is entitled to at least as much protection from such judicial afterthoughts as a civil defendant.").

A court lacked jurisdiction to reopen a restitution order sua sponte 7 days after imposition of sentence; reliance on Rule 35(a) was misplaced. U.S. v. Bedonie, 413 F.3d 1126 (10th Cir. 2005). Second thoughts about the restitution order was not "clear error" for Rule 35(a). Id.

A district court does not have inherent power to resentence defendants at any time. U.S. v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005) (court lacked jurisdiction to resentence defendant based upon its "desire to prevent a manifest injustice"):

> "To be sure, a court may not resentence a defendant unless expressly mandated by this court, see 28 U.S.C. § 2106, or pursuant to the strict conditions established by Fed.R.Crim.P. 35 or 36."

U.S. v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005). "[F]or once a criminal case ends in a sentence the judge's power lapses." U.S. v. Scott, 414 F.3d 815, 816 (7th Cir. 2005); Carlisle v. U.S., 517 U.S. 416 (1996) (no authority to grant a Rule 29 motion filed one day late).

Petitioner has made out a substantial Double Jeopardy claim which his appellate failed to pursue on direct review. That is cause for the procedural default and procedural prejudice directly resulting therefrom.

Both Judge Smith and the First Circuit concealed conflicts of interest that obligated all judges to recuse under § 455(a). All district and Circuit justices were ordered recused in In re Nettles, 394 F.3d 1001, 1002 (7th Cir. 2005) ("The issue is appearances."). Nettles was indicted for allegedly conspiring to blow up the federal courthouse in Chicago. His mandamus petition was granted by the Circuit and all judges disqualified.

Here, Judge Smith and the Circuit have a stake in Petitioner's continued confinement and want to push the buttons to keep him in prison. It is a factually similar scenario to Nettles. Petitioner's lawyers could not raise a conflict issue because they knew they'd face retaliation and never win another case.

The Otisville letter, if criminal, merits a criminal trial in the state of New York. Judge Smith sentenced Petitioner to six months in a BOP halfway house without a trial, "finding" him guilty with absolutely no information about it. The fact is that Petitioner was physically tortured at OTV by his case manager, Alison Henry, who was told what to do by CUSPO Weiner. Both NY and RI recognize self-defense. The letter is lawful use of force against an attacker who tried to puncture his ear drums. He was also spit upon by LT. Medina.

It seems every person in the government hates him for not being guilty of writing the anonymous, crank letters which will someday likely be traced all the way back to ex-Judge Richard J. Israel, whose hobby is writing poetry.

CONCLUSION

Petitioner has already invalidated the Nov. 9 order, and his false imprisonment is an outrage. He is entitled to immediate release and will live in Arizona while he awaits Section 8 housing in RI.

Petitioner, pro se,

10-20-05

Arthur D'Amario, III

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED NOV 12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 99-024-01S |
| | ) | |
| ARTHUR D'AMARIO | ) | |

**ORDER**

Pursuant to a hearing on November 9, 2004, and in accordance with Rule 32.1(c) of the Federal Rules of Criminal Procedure and Title 18, United States Code, §3583(e)(2), the conditions of supervised release, as ordered by this Court on September 30, 2003, are amended to include the following additional special condition:

> Within seventy-two hours of release, the defendant shall report to the United States Probation Office for the District of Arizona for a period of courtesy supervision, not to exceed sixty days. Upon completion of courtesy supervision, the defendant shall participate in a community confinement program at the Coolidge House Comprehensive Sanctions Center in Boston, Massachusetts, for a period not to exceed six months. As an additional condition of supervision, the defendant shall comply with all program rules and regulations and comply with all staff instructions relevant to said program.

Per Order,

Doreen Baldinelli

Deputy Clerk

Enter:

W.Smith

William E. Smith
United States District Judge

Date: 11/9/04

Attest to True Copy
DAVID A. DIMARZIO
By: Doreen Baldinelli
Deputy Clerk